**Sidney O. NORFLETT, Jr., Petitioner**

v.

**UNITED STATES of America, Respondent.**

No. Civ.A. 97–11013–EFH.

United States District Court, D. Massachusetts.

Dec. 10, 1997.

James S. Dilday, Grayer, Brown & Dilday, Boston, MA, Sidney O. Norflett, Jr., Raybrook, NY, pro se.

Donald K. Stern, U.S. Atty., Timothy Q. Feeley and Kimberly S. Budd, Asst. U.S. Attys., Boston, MA, for U.S.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The Petitioner Sidney O. Norflett requested this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in light of the United States Supreme Court's decision in *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Norflett was tried and convicted in this Court of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). This Court departed from the Sentencing Guideline range and sentenced petitioner to 72 months imprisonment. The Court of Appeals for the First Circuit in *United States v. Norflett,* 922 F.2d 50, 52–53 (1990), reversed and remanded for sentencing within the applicable guideline range. Petitioner was subsequently resentenced to 210 months imprisonment, a sentence he is currently serving.

The Supreme Court in *Koon* clarified that the standard of review for a district court's grounds for departure is an abuse of discretion standard. 518 U.S. 81, ——, 116 S.Ct. 2035, 2042, 135 L.Ed.2d 392. In sentencing the petitioner this Court's downward departure from the applicable guideline range rested on three bases: (1) the absence of any "threat or violence," (2) the small amount of the money stolen, and (3) the "excessive" sentence which would result from adherence to the Guidelines. The First Circuit in *Norflett* found that this Court's bases for departure were improper as a matter of law. 922 F.2d 50, 52–53 (1990). Thus, this Court's grounds for departure would not be upheld under the abuse of discretion standard dictated in the *Koon* decision.

Petitioner also raises another basis for departure of mental illness under Section 5K2.13 of the Sentencing Guidelines. U.S.S.G. § 5K2.13. The permissible ground for departure under Section 5K2.13 for diminished capacity is only applicable when the defendant was convicted of a non-violent offense. In this case petitioner was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). The First Circuit in *Norflett* specifically found that "force and violence, or intimidation" was an essential element of the offenses of conviction. 922 F.2d at 51. Thus, Section 5K2.13 is not an applicable ground for departure in this case.

It is still this Court's judgment that to sentence an individual to 210 months imprisonment having stolen a total amount of $3,823 in two *unarmed* robberies constitutes a gross miscarriage of justice, but the Court is constrained not to disturb such sentence in accordance with the Court of Appeals decision in *United States v. Norflett,* 922 F.2d 50 (1990).

Petitioner's motion is denied.

SO ORDERED.